**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **Lavonte Lamar Moore (#2014-0216037),** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 15 C 6250** |
| **v.** ) | |
| ) | **Judge Rebecca R. Pallmeyer** |
| **Tom Dart, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is granted. The court orders the trust fund officer at Plaintiff's place of incarceration to deduct $44.30 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. The Clerk of Court is directed to electronically send a copy of this Order to the Supervisor of the Inmate Trust Fund Accounts at the Cook County Jail. The court further directs the Clerk of Court to: (1) file Plaintiff's complaint [1]; (2) issue summons for service on Defendant Dart by the U.S. Marshal; (3) terminate all other defendants to this action; and (4) send Plaintiff a blank USM-285 service form, a magistrate judge consent form, filing instructions, and a copy of this order. Plaintiff is advised that a completed USM-285 form is required for service on Defendant Dart and that the U.S. Marshal will not attempt service on Defendant Dart unless and until the required forms are received. The U.S. Marshal is appointed to serve Defendant Dart. Plaintiff's motion for attorney representation [4] is denied without prejudice to renewal later in this case.

## STATEMENT

Plaintiff Lavonte Lamar Moore, an inmate confined at Cook County Jail, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that on March 15, 2015, he slipped and fell down several steps at Cook County Jail while being escorted by unidentified correctional officers through a stairwell. Plaintiff was handcuffed behind his back at the time. As a result of the fall, Plaintiff sustained injuries to his neck, back, and shoulder. The correctional officers returned Plaintiff to his tier following the fall, where Plaintiff informed Correctional Officer Garcia that he needed medical attention. About ten or fifteen minutes later, Plaintiff was escorted to the dispensary, where he was seen by a nurse and then sent to Cermak Hospital.

Plaintiff waited about three hours at Cermak Hospital before being seen by an unidentified doctor. The doctor gave Plaintiff ibuprofen and sent Plaintiff back to his tier. About one month later, Plaintiff saw a second unidentified doctor, who prescribed naproxen. According to Plaintiff, he has experienced back pain ever since March 15, 2015, and the pain is so extreme at times that he cannot get out of bed. The medications administered by the jail doctors have been ineffective to alleviate Plaintiff's pain.

Plaintiff's application for leave to proceed *in forma pauperis* demonstrates he cannot prepay the filing fee and is thus granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the court

orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $44.30 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Clerk of Court is directed to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the court screens complaints filed by prisoners using the same standards that apply to motions to dismiss pursuant to Federal Rule 12(b)(6). *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). Under those standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. *Twombly,* 550 U.S. 544, 570 (2007). In determining whether this test is met, the court assumes the truth of the well-pleaded facts in the complaint, *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013), and construes *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

Under those standards, the court concludes that complaint arguably states a federal cause of action concerning Plaintiff's treatment by unidentified jail doctors following his fall on March 15, 2015. "Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they display 'deliberate indifference to serious medical needs of prisoners.'" *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *County of Sacramento v. Lewis*, 523 U.S. 833, 849-50 (1998) (explaining that deliberate indifference claims against jail personnel arise under the Fourteenth Amendment rather than the Eighth Amendment but are analyzed under the same standard). "Prolonged and unnecessary pain resulting from a significant delay in effective medical treatment may support a claim of deliberate indifference." *Petties v. Carter*, No. 14-2674, __ F.3d __, 2015 WL 4567899, at *3 (7th Cir. 2015) (collecting cases). The court will assume for screening purposes that the injuries Plaintiff sustained on March 15, 2015 constitute a serious medical condition. If this is true, the jail doctors' failure to do more than administer pain relievers to Plaintiff could plausibly rise to the level of deliberate indifference given Plaintiff's allegations concerning how he sustained his injuries and his allegedly ongoing, extreme pain.

Plaintiff has nevertheless not stated a deliberate indifference claim against these named Defendants. First, the Cook County Sheriff's Department is not a suable entity. *See Castillo v. Cook County Dep't Mail Room*, 990 F.2d 304, 307 (7th Cir. 1993). The Sheriff's Department therefore is dismissed. Second, Section 1983 creates a cause of action based on personal liability and is predicated on fault; thus to be held liable under Section 1983, an individual must have caused or participated in a constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (citations omitted); *see Pepper v. Vill. of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005). There is no *respondeat superior* liability under Section 1983. *See Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Here, Plaintiff named three individual defendants to this action—Tom Dart, "Supt. Arce," and Officer Garcia—but alleged no facts from which liability against any of the individuals may be inferred; Plaintiff alleged no facts whatsoever against Dart or Arce, and the allegations against Garcia show that he responded timely and appropriately to Plaintiff's complaints. Arce and Garcia are dismissed as defendants, and any substantive

claims against Dart are dismissed. Dart, however, will remain a party to this action to assist Plaintiff in identifying the jail doctors who treated him for the injuries he sustained on March 15, 2015.

The court discerns no additional basis for liability. In particular, Plaintiff requests monetary damages "due to pain and suffering and negligence on Sheriff's department because they had me cuffed to the rear while moving in a stairwell." To state a cause of action for common law negligence in Illinois, "a complaint must allege sufficient facts to establish the existence of a duty of care owed by the defendant to the plaintiff, a breach of the duty, and an injury proximately caused by the breach." *Regions Bank v. Joyce Meyer Ministries, Inc.*, 15 N.E.3d 545, 549 (Ill. App. Ct. 2014). Here, Plaintiff alleged no facts from which it may be inferred that the correctional officers who escorted him through the stairwell breached any duty; it is not uncommon for inmates to be handcuffed behind their backs while being transported outside their living quarters. Absent a duty to transport Plaintiff in some other manner along with a breach of that duty, Plaintiff cannot establish a negligence claim arising from his fall down the stairs.

Plaintiff will need to determine the name of the doctors or other medical personnel allegedly responsible for the medical care described in the complaint and amend his complaint to add those individuals by their actual names. After Plaintiff has obtained service on Defendant Dart and an attorney has entered an appearance on Dart's behalf, Plaintiff is advised to serve interrogatories (*see* Federal Rule of Civil Procedure 33) on the attorney for Dart to seek and obtain information regarding the identities of the doctors responsible for Plaintiff's care. When that process is complete, Plaintiff may submit an amended complaint identifying the doctors by their actual names so that they may be served. Plaintiff should do this as soon as possible in light of the two-year statute of limitations and applicable tolling rules. *See Bryant v. City of Chicago*, 746 F.3d 239 (7th Cir. 2014).

The Clerk of Court is directed to issue summons for service of the complaint on Defendant Dart and to mail Plaintiff a blank USM-285 (U.S. Marshals service) form. The court advises Plaintiff that a completed USM-285 form is required for service on Defendant Dart and that the Marshal will not attempt service until the required form is received. Plaintiff must therefore complete and return a service form for Defendant Dart, and failure to do so may result in the dismissal of Defendant Dart, as well as dismissal of this case for lack of prosecution.

The U.S. Marshals Service is appointed to serve Defendant Dart. The court directs the U.S. Marshal to make all reasonable efforts to serve Defendant Dart. With respect to any former Cook County employee who can no longer be found at the work address provided by Plaintiff, Cook County officials must furnish the U.S. Marshal with the Defendant's last-known address. The U.S. Marshal will use the information only for purposes of effectuating service or to show proof of service and any documentation of the address shall be retained only by the U.S. Marshal. Address information will not be maintained in the Court file nor disclosed by the U.S. Marshal, except as necessary to serve Defendant. The U.S. Marshal is authorized to send a request for waiver of service to Defendant in the manner prescribed by Federal Rule of Civil Procedure 4(d) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any document he files in this court to Defendant or to defense counsel if an attorney has entered an appearance on behalf of Defendant. Every document submitted by Plaintiff must

include a certificate of service stating to whom exact copies were sent and the date of mailing. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded.

Finally, Plaintiff's motion for attorney representation is denied at this time. Although "[t]here is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), the court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). Plaintiff in this case has not made a threshold showing that he made attempts to retain counsel—his motion for attorney representation shows no attempt to contact counsel whatsoever—and there is no indication that Plaintiff has been precluded from doing so. Plaintiff must attempt to retain counsel on his own before the court will consider whether recruitment of counsel is necessary. Accordingly, Plaintiff's motion for attorney representation is denied without prejudice.

ENTER:

Date:   August 20, 2015

_____
REBECCA R. PALLMEYER
United States District Judge